Our last case this morning is Rosales v. Country Mutual Insurance Company. That's case number 4110190. For the appellant, Andrew Paquette, for the appellee, Stanley Kitzinger. Please proceed. Thank you. May it please the court, counsel, I'm Andrew Beckett. I represent the appellant plaintiffs Geraldo and Melody Rosales in this case. This is the second time I've stood at this podium and argued that the trial court erred in dismissing the Rosales' complaint. This court previously found that the trial court had erred in dismissing the Rosales' complaint, finding that the plaintiffs' appellants had alleged waiver and estoppel that allowed them to proceed with their suit even though they had not filed suit within the one-year contractual limitations period of their insurance policy. Was our previous order in this case ambiguous? Didn't we say that you stated a cause of action? That's exactly how I read it, Your Honor, but there certainly has been a dispute. I'm sure the court is well aware of its order, but on page 15, this court stated, The factual allegations of plaintiff's first amendment complaint support an argument defendant encouraged plaintiffs not to act on their rights to file a sworn statement and proof of loss and or a suit during the limitations period. The alleged statements also suggest the enforcement of the limitations period would be unjust under the circumstances. Accordingly, we find plaintiff's first amendment complaint contains factual allegations raising questions of fact regarding whether defendant's waiver is a stop from raising the one-year limitations period for filing suit. Thus, the trial court erred by granting defendant's motion to dismiss. We went back to the trial court. I set the case for a case management conference. Before we had that case management conference, country filed another motion to dismiss the complaint. I think that motion to dismiss is very telling for what it didn't do. It did not allege that the plaintiffs had to file another complaint. It did not allege that the plaintiffs had not properly raised waiver and estoppel. It did not raise the limitations period after this court had ruled. It made other legal arguments for why the plaintiff's complaint still should be dismissed. But then at the case management conference, which I had set, the trial court informed us that everyone had misinterpreted the appellate court's ruling and that I was to file an amended complaint. So I did that. I thought that there were additional allegations which could be useful to the court and to the plaintiffs if it ever went to trial. The second amended complaint was dismissed as well, saying that it had not adequately alleged waiver and estoppel. I filed a third amended complaint. Now the third amended complaint is lengthy. The complaint itself, but not the exhibits, is in the appendix. Country has argued that it is both not concise and therefore violates the rules of civil procedure, but also that it has no detail to say where exactly waiver and estoppel would have occurred. Whenever we went back to the trial court on yet another motion to dismiss, Judge Klaus said that my allegations were conclusory, despite the many points in this court's order where they said that the plaintiffs had alleged facts supporting an argument for waiver or estoppel. I'm not going to belabor what the complaint says. The court has the entire complaint in the appendix except for the exhibits. I think we're in a situation here where either the court agrees with what I think its order said, or it agrees with what Country said. It has the complaint before it. Either it alleges waiver and estoppel in a cause of action, or it doesn't. Did you add to the facts that we had already found adequate to state a cause of action, or did you leave those out? I certainly didn't leave out the facts that the court already had. Whenever the court made its original ruling, it latched onto paragraph 32 as having alleged waiver and estoppel. That's now paragraph 94. Certainly new allegations were alleged to demonstrate the painful history here of what had happened. As we've alleged in the past when we were before you, Country told the Rosaleses, you've complied with the policy. You don't need to file a proof of loss. We have to take care of the dwelling claim before we can take care of the property claim. Now, Country will argue we shouldn't look past the one year, but I think that we should because of two reasons. Once that one year has passed, if you look at the complaint, there continue to be meetings that Country calls that the Rosaleses come to. Country pays out hundreds of thousands of dollars for the dwelling claim after that one year has already passed. We allege in the complaint their attorney tells them that you have to complete the dwelling claim before you can move on to the property claim. All of this happening well after the one year. Country says you have until this date to file a formal proof of loss. They file it. After they file that proof of loss, Country then says that's not good enough. File another one. When they file that other one, then Country says for the very first time in the case, you had only one year after the incident. Why were they having these meetings? Why were they paying out dollars? Why were they having them submit proofs of loss? As I cite in the Kenilworth case, if they put parties through the expense and effort of putting together proofs of loss, they can't then pull the contractual limitations period out of their back pocket. As Your Honor wrote in the Hines v. Allstate case, if in that case they paid part of the claim well after the limitations period had already expired, that shows that they recognized there was still a viable claim here. Everything Country did for years after the contractual limitations period had expired demonstrates that they knew. That's all there in the complaint. If you look at the response brief that Country filed, they seem to suggest there are still questions that we have. Well, I'm sure that there are. But fact pleading has been taken to an excess here that is just astonishing. You only have to allege ultimate facts, not every single piece of evidence that could possibly come out at trial. And that certainly has been done here. So as I said, the Court has its prior ruling. The Court has the amended complaint. It has what it needs before it. It's a de novo review to decide whether or not the trial court got it wrong. We obviously would ask that the Court remand and that the case proceed on the third amended complaint. However, we do have two caveats. The first is that when this case goes back on remand, Country should be ordered to answer the complaint at long last. Country had every opportunity in its response brief to raise other arguments, other reasons that this complaint should be dismissed as a matter of law. They didn't raise a one. All they did was latch on to Judge Klaus's ruling. Fine, they've made their choice, but the other arguments are forfeited. If we go back to the trial court level, they shouldn't be able to bring yet another motion to dismiss, probably the fifth, that then the Rosaleses have to respond to. And then perhaps the trial court finds against the Rosaleses and we come back here. There comes a point after four complaints and five motions to dismiss, two appeals, where if this court finds for us and sends it back, it's time for Country to answer. The second is, with due respect to the trial court, who I have great respect for, I think that the trial court's comments and actions here reveal a fixed opinion in this matter, if not an out-and-out hostility towards the claim. This court has the discretion to order that the case be reassigned to another judge on remand, and that's what we would ask this court to do here. The expense that the Rosaleses have gone through to this point, to perhaps, if this court agrees with us, get to go back to the trial court. If the court is biased, can't you file a motion? If we go back to the trial court level and this court does not find that the case should be reassigned based on the record before it, I do intend to file a motion saying that the court is a fixed opinion. I hesitate to use the word biased because I don't think that Judge Klaus is doing anything improper. I just think that he doesn't believe the Rosaleses have a claim here and he's never going to think otherwise. The court has already given, in my opinion, very clear directions which he didn't follow. This court has the discretion, based on the record it has, to tell Judge Klaus that the case is going to be reassigned. If the court isn't willing to do that, I will raise it with Judge Klaus. I have great respect for Judge Klaus. For the foregoing reasons, Your Honor, I would ask that the case be reversed and remanded with instructions that the country answer the complaint and that the case be reassigned to another judge. Does anyone have any other questions before I step away? Chief Justice of the Court, Counsel, Stan Kitzinger on behalf of the Appellee Country Mutual Insurance Company. There is one issue before this court, one primary issue before the court, and that's simply whether the plaintiffs properly pled a claim for waiver and estoppel in their third amended complaint in order to avoid the contraction limitation period that this court has already said applies. The obvious and clear answer to that is the Circuit Court correctly concluded that the plaintiffs had not properly pled such a cause of action and dismissed their complaint. Well, does that mean our order from the last time this case was presented to this court was wrong? Absolutely not, Your Honor. Obviously, I argued against it the first time, and the court's reasoning was different than the arguments presented, made by either Judge Klaus in his ruling, by counsel, or myself. The court grasped onto a different issue. What this court did in the prior appeal involved whether or not the contraction limitation period was told under Section 143 of the Illinois Insurance Code. We argued back and forth what days, what period of time should be counted. This court concluded that because the sworn statement proof of loss was not submitted until some two years after the expiration of the contraction limitation period, there could be no tolling, and that the cause of action was, in fact, barred by the contraction limitation period. The court then addressed the plaintiffs' allegations that they pled waiver and estoppel, and that the waiver and estoppel argument should allow them to get around the fact that their complaint was now barred. The only issue before the court at that time, the previous time we were here, was whether or not they sufficiently raised the issue of waiver and estoppel in their First Amendment complaint, such as to be given to preserve that argument. Not whether they had done it properly, because that was never argued in the trial court, that was never argued in this court. And this court never undertook any analysis as to whether or not the waiver and estoppel arguments were properly pled. This court said, we're going to look at the First Amendment complaint, we acknowledge that the words waiver and estoppel don't appear in the complaint. Notwithstanding that, the words have lost their meaning. We looked at the substance of the allegations. Based on the substance of these three particular allegations in paragraph 32, they've at least raised the issue of waiver and estoppel that could support these theories. And therefore, the trial court should have allowed them to amend their initial First Amendment pleading. Not that those allegations were sufficient, not that those allegations properly pled a cause of action for waiver and estoppel, but if this court intended that, why would this court then send the case back, reverse the mandate, with directions to file an amended pleading? That would make no sense. If this court believed that the First Amendment complaint... Did this court say that an amended pleading needed to be filed, or did it just simply say the trial court had the authority to grant that relief, and should have granted that relief? I believe the directions of the final page of this court's order was the... On remand, plaintiffs should be given leave to file a Second Amendment complaint. Go file a Second Amendment complaint. Does it say go file a Second Amendment complaint? That's how I read it, and that's how Judge Claus read it. What would be the point of filing an amended pleading if this court had already said the First Amendment was sufficient? Why plead again? Why plead over something that this court had already found was sufficient? Judge Claus, on two separate occasions, specifically said, in the hearings, his understanding, that... ... So on page 106 of the appendix, it said, the appellate court clearly thinks the amended complaint is needed because it remanded with direction to file an amended complaint. At the final hearing, on the Third Amendment complaint, Judge Claus noted, and the country concurred, that implicit in the appellate court's order is that the First Amendment complaint was an insufficient pleading of waiver and estoppel. Now, one of the arguments we've made, in this case, based on this court's prior ruling, with regard to this tolling issue, is that this court said, you cannot toll something that's already expired. The contraction limitation period expired January 7, 2006. Everything done after that is meaningless with regard to tolling. So now we have to look to waiver and estoppel. Is that true? Gosh, I can think of so many instances where something that happens down the road proves something that happened earlier. You ignore... What if there was an admission by a country mutual that it had waived or was estopped to claim the tolling period? Well, that's what happened in Hague. All state conceded it. Countries never conceded it. But what this court ruled, with regard to the tolling provision, was simply that there was no tolling of the contraction limitation period. That's this court's ruling. We ruled that? Absolutely. This court ruled that the contraction limitation period was not tolled because the sworn statement of proofs of loss were not submitted until well after that period expired. And that, as a result, you can't tolling... The court went into detail saying tolling is to stop something from running. Why did you send the case back to the traveler? Counsel had made arguments that they had raised issues of waiver and estoppel before the circuit court. We argued under the travelers that they had not raised those issues and they were prohibited from now trying to raise issues of waiver and estoppel that hadn't been previously raised in light of the face of a dispositive motion. This court sent the case back finding that there was sufficient pleading, sufficient allegations, in the first amendment complaint to at least raise that issue. That's all you have to do. You don't have to plead evidence in a pleading. But there was no analysis to whether or not it was properly pled. In other words, it simply said, you preserved Judge Foss' reading of the opinion of the order and my reading of the order was that this court found that they had sufficiently raised the issue to preserve that issue. That's all you have to do in pleadings. But you have to do it properly. I'm wondering what properly means. You mean you have to go into a lot of detail? You have to allege facts that support your claim that... You have to allege ultimate facts. Yes. You do not plead evidence. Correct. If you plead that there's been waiver and estoppel, you're halfway home right there. Just pleading that country, a bare allegation like they've done, that country should be estopped or country waived, it's not a pleading of a fact. It's a pleading of a conclusion. They needed to plead facts that said country did X or Y. They relied on that. Again, you plead ultimate facts. You do not plead evidence. And an ultimate fact is pretty close to a conclusion. In an automobile accident case, you say plaintiff was driving this car, defendant was driving that car, the two collided at such and such an intersection, defendant was negligent. That's all you have to do. You don't have to say defendant was driving at 38 miles an hour in a 25 mile an hour zone or whatever. I don't think you can plead defendant was negligent. You have to plead how they were negligent. In other words, they followed too closely, they failed to yield, they did something. You don't say they went 38 miles an hour. You have to say they were speeding, they were driving recklessly. Something more than simply they were negligent. Well, how about when plaintiff pleads that Country Mutual encouraged us to wait to file proofs of loss, told us that the personal property issues could not be resolved until the real property issue was resolved. Why isn't that enough? Well, two reasons. One, when did that conduct occur? Because if it occurred after January 7, 2006, after the limitation period had already expired, it doesn't mean anything because they could not have relied on that statement to not file suit within the time period permitted by the contract. In other words, the contract says you're one year from the date of loss. This court to file suit. This court has already ruled that that period of time was not told. So they had to have filed suit by January 7, 2006. For them to say, well, we relied on something that Country did in not filing suit prior to January 7, 2006, the conduct by Country has to have occurred prior to January 7, 2006. The fact that two years later they said we'll accept the proof of loss as part of our settlement agreement with regard to this property doesn't mean that they relied on Country's settlement. Was Country Mutual telling them you need to get this claim resolved within this one-year period? That's not alleged one way or the other. And the bottom line is... Okay, so isn't the converse true then? Country Mutual didn't care whether it was filed within one year? Country Mutual was encouraging them to wait past the one year? Absolutely not, Your Honor. There's absolutely no evidence. There's not even an allegation to that. More importantly, the Rosaleses haven't even alleged that they relied on some representation or conduct and didn't file suit. All they have to do is put a pleading, an allegation that says, based on person X, Y, or Z's statement or conduct, we did not file suit prior to January 7, 2006. Instead, they talk about things that happened years later. They talk about, well, they rejected our proof. They didn't like our proof in 2007. Well, how could they have relied on that statement in 2007 to not file suit prior to January 7, 2006? The two don't line up. So this Court has said the time period you have to look at with regard to when they had to file suit was January 7, 2005 to January 7, 2006. Why did Country keep talking to these people? Well, keep in mind, this isn't one loss. This isn't a single loss. There's a loss. There's a second loss. There's a third loss. They're claiming additional damage to their dwelling, to their personal property, continued need for additional living expenses, for hoarding their animals, all sorts of things created by these losses that keep occurring. So the issue is, when Country paid, and there's nothing in the complaint dealing with this, what loss did they pay? Did they pay the first loss, the second loss, or the third loss? There's a series of losses. What they did, there's a series of losses. The parties sat down and said, we need to get this resolved. They resolved everything except this one. They talked about this one little exception and said, we'll agree to accept, in good faith, your sworn statement of proof of loss. They did that in good faith. They paid them their few hundred thousand dollars and agreed to accept it. The resolvers submitted the proof late. Country accepted it anyway, so we're not going to worry about that. We'll take their proof anyway because we're trying to do the right thing. We'll take their proof. They looked at it, rejected it. But we said, we'll give you one more chance. We'll give you another chance to do this. They gave them another chance. They submitted in the span of another month or two. When nothing has happened, years after the loss, suddenly the claim jumped up again another $25,000 in value without explanation, without documentation, without support. Country said, enough's enough. You keep increasing your claim. You don't provide us any details. You don't do anything. We're denying your claim for a number of reasons, including fraud, claim inflation, and so forth. Then they say, by the way, based on the contractual limitation period, your time to file a suit has expired. You don't have the right to file a suit. This court agreed. That was proper. It was not a violation of the Illinois Administrative Code. It was fine because it was a correct statement of the facts. That because there was no proof of loss, unlike in Hines where receipts were submitted and things were done, that said, and keep in mind, Hines said the entire, from the date those first receipts were submitted to the date the final payment was made, that told the running of the contractual limitation period. And then they filed a suit in a timely fashion. This court said the opposite. This court has said their claim is barred by the contractual limitation period. But we're going to give them an opportunity to flesh out their complaint on the allegations with regard to waiver and estoppel to show why country did something or didn't do something that misled them to believe that they shouldn't file a suit prior to January 7th. Let me ask you about something in the Third Amendment complaint. Paragraph 30. From September of 2005 through February of 2006, whenever plaintiffs inquired as to the status of the remainder of their claim, they were informed by Roger Lloyd that the check was on the way and that everything was going to work out and not to worry. Why isn't that good enough? Because when did those statements get made? From September 2005 through February of 2006. So some may have been made prior to the expiration of the limitation date, some may have been made after. They made the allegations. They're too vague. No, they aren't too vague. You do not have to plead evidence in a complaint. You plead ultimate facts. They say that the allegations were made. Let's have a trial. Let's take some discovery. The point, Judge, is were they made prior to January 7th, 2006 or were they made after? This allegation covers both periods of time. We don't know when the statements were made. It says from September of 2005 through February of 2006. Correct. Whenever plaintiffs inquired as to the status of the remainder of their claim. Two problems with that. One, we don't know specifically when the statements were made. Based on this allegation, it covers a period of time. You have a view of pleadings that expired with the common law. We only plead ultimate facts now. I understand that. We don't go into the evidence in pleadings. I understand that, Judge. My point is, had they said between September 2005 and January 7th, 2006, it would have been clear. But they also include the period of time January 7th, 2006 through February 2006. They didn't allege which side of the line did they occur on. We don't know. They also, more importantly, don't say, based on these statements, we didn't file suit prior to January 7th, 2006. They've never said that. That simply doesn't exist. There's not a single allegation. And Judge Cross told them that's what they need to do. And they just didn't do it. I'm presuming because they can't do it because to do it would be in violation of Rule 107. I have never heard of a pleading rule like that, that we need to file hundreds of pages of pleadings setting out all the facts. Absolutely not. Our issue with this complaint is that while it's extremely long, it doesn't specifically identify the allegations that they could use to support a claim of waiver and a stop. Do you agree with me that you do not have to plead evidence in a complaint? Yes. Okay. You're asking that they plead evidence. I'm not, Judge. I'm asking that they plead facts of what country did prior to January 7th, 2006 that they relied on and that they're in reliance on those facts that they did not file suit. If Country Mutual followed a consistent pattern of conduct from September of 2005 through February of 2006, it seems to me the conduct of Country Mutual, even after the one-year period, is going to be proof of what their conduct was prior to the expiration of the one-year period. I guess we just disagree, Judge. Obviously, you're sitting where you are and I'm where I am, so I agree they don't have to plead evidence. Counsel, when we previously ruled in this case and we said the trial court erred by granting defendants' motion to dismiss, what do you think we meant by that? Exactly what you said. As he even said, that he acted too hastily and that he should have granted them leave because when he dismissed their first amendment complaint with prejudice the first time, Mr. Beckett stood before Judge Kahl said, well, I'd like to give one more opportunity to amend to make allegations of waiver and estoppel. And this court has said, you did that. We didn't say the trial court erred by failing to give the right to amend until a subsequent paragraph. I said that this particular statement is trial court erred by granting defendants' motion to dismiss. What could that possibly mean other than it stated a cause of action? I read it and Judge Kahl read it. Obviously, it would mean that he did it too quickly. He should have given them an opportunity to amend. He dismissed it with prejudice without giving them an opportunity to amend and properly plead What is it that it says? It says let's read more into it than the verbatim language. Judge, the trial court and I and country both read this in our mind quite clearly because why would this court send it back and say give them another chance to replead if it was fine? Why would this court simply send it back and say the first amendment complaint sufficiently states it's a cause of action for breach of contract based on the waiver and estoppel factual allegations. Country should answer the first amendment complaint. It didn't do that. It said go back and give them leave to file their second amendment complaint so they can do it properly. The bottom line is there are no factual allegations that are clear. I went through it in my brief. What did country do between January 7, 2005 and January 7, 2006 when the limitation period expired that they relied upon in not filing suit? Judge Klaus asked them that. We pointed out they haven't responded by saying we did this or that and that we relied on that and that's why we didn't file suit. They simply haven't pled that. With regard to their arguments that if this case gets sent back that we should just be ordered to answer, that too is inappropriate because again Judge Klaus never addressed the insufficiency of their claims of fraudulent misrepresentations which are clearly preempted by section 155 under the Kramer decision. He didn't address the failure to plead the 155 claim properly. Those things have never been addressed. I asked that they be addressed. The judge said no, we don't need to do that because their entire cause of action is barred. If this court were to send the case back, it should certainly give me an opportunity to continue attacking those causes of action that are improperly pled. It's not that oh look, they've now pled breach of contract properly because there's a waiver and a stop argument that the court may feel is done properly. But they still haven't pled those others properly. The fraudulent misrepresentation claim and the 155 claims have never been addressed. They're a sufficiency or insufficiency. We should not be barred from attacking those. And in fact, that's precisely what I did when the case first went back. I didn't attack the breach of contract count because there's no point. Because this court had said go file an amendment to the complaint on your breach of contract properly alleging waiver and a stop. I didn't have to attack that one again because this court already said you need to fix it. You need to do it again. So what I did do was address the two counts that were not addressed by either the trial court the first time or this court. I moved to dismiss the fraudulent misrepresentation count and the 155 count. That's why I didn't address the first one because there was no need to. This court had already said file an amendment of pleading. So I didn't need to attack it again because this court had already told me to plead over. Whether they were going to do that by an amendment to the pleading or an entirely new second amended complaint, I didn't know. They hadn't filed anything. As Mr. Beckett even noted, during the oral argument or discussions at the case management when the first time up on remand, he said maybe Mr. Kitchinger did this because I didn't file my second amended complaint as the court told me to. Counsel recognized the first time it was up on remand that he was supposed to file an amendment of pleading. He knew it. You're out of time, counsel. Thank you. We'll have rebuttal now. Thank you. Your Honor, the first thing I would note is that I don't have time to argue against everything that I didn't agree with there. But if you go back to the transcripts, I never conceded that this court had instructed me to file an amended complaint. I think that this court's ruling was very clear, first of all, that the complaint never should have been dismissed in the first place. But then the court proceeded to list another area where Judge Klaus had erred. Instructions to the trial court that at that early phase the court certainly should have let me amend. I don't read anywhere in the court's opinion an instruction that we were ordered to amend the complaint. As to the timing of what happened and when in our reply brief, we specifically lay out all the allegations from the complaint and when that happened so that this court can review them. There continues to be this assertion that we have never alleged that the plaintiffs relied on country's representations, even if that is required. Paragraph 136 of the complaint said, at the time country made said statements plaintiff had a right to and did in fact rely on the representations of country. So that is certainly there that we rely. This is a de novo review. They could have easily said in their response brief, Judge Klaus didn't follow this court's prior direction or even embrace Judge Klaus's ruling and then said, but even forget that there are other reasons that this complaint should be dismissed. It's a de novo review. Here are my cases. Here are my arguments. Tell the Rosaleses their lawsuit should be dismissed anyway, regardless of if we agree about waiver and estoppel and tolling and contractual limitations period. They chose not to do it. And so we shouldn't have to go back to the trial court knowing that we can start all over again with yet another round of motions to dismiss. And once again, with due respect to Judge Klaus, as clear as I think that this court was in its order, I think this court should say it should be reassigned to another judge so that hopefully we won't have more confusion about whatever the order of this court is, assuming that this court sends it back to the trial court. If the court doesn't have any further questions for me, I'll rely on my brief and prior arguments. I see no questions. Thanks to both of you. The case is submitted and the court stands in recess until this afternoon.